WO    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ERIC MAURICE CANNON, JR.,   )
                )
       Plaintiff, )
                )
 vs.             )
                )
COMMISSIONER OF SOCIAL SECURITY, )
                ) No. 3:18-cv-0127-HRH
       Defendant. )
_____)

O R D E R

Motion for Attorney's Fees

Plaintiff Eric Maurice Cannon moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Background

In this action for judicial review of the denial of disability benefits under Title II and Title XVI of the Social Security Act, the court reversed the final decision of the Commis-

---

[1]Docket No. 23.

[2]Docket No. 25.

sioner and remanded the matter for further proceedings. More specifically, the court found that the ALJ should have developed the record as to the limitations discussed in Greg Tyler's testimony and that the ALJ's RFC was flawed because it did not adequately capture a moderate-to-marked limitation as to concentration, persistence, and pace.[3] The court also found that there was some question as to whether plaintiff was able to do level 2 reasoning and ordered the ALJ to more fully develop this issue since the case was being remanded.[4] The court rejected plaintiff's arguments that the ALJ had erred in giving Dr. White's opinion great weight, that the ALJ should have developed the record after Dr. Moore criticized Dr. Youngblood's and Dr. Cherry's testing methods, that the ALJ erred as to Dr. Robert's opinions, and that the ALJ erred as to Dr. Russo's and Dr. Fraser's noise opinions.[5]

Plaintiff now moves for an award of attorney's fees in the amount of $7,533.21 and $16.26 in reimbursable expenses.

## Discussion

"EAJA provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" Gardner v. Berryhill, 856 F.3d 652, 656 (9th Cir. 2017) (quoting 28 U.S.C. § 2412(d)(1)(A)). Defendant

---

[3]Order at 17-18, 24, Docket No. 21.

[4]Id. at 25.

[5]Id. at 12-13, 14-15, 20-22.

does not dispute that plaintiff was the prevailing party. Defendant also does not argue that there are any special circumstances here. But, defendant does argue that fees and costs should not be awarded because its position was substantially justified.

"The government has the burden of showing that its position was substantially justified." Id. "'Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013)). "'Put differently, the government's position must have a reasonable basis both in law and fact.'" Id. (quoting Meier, 727 F.3d at 870). "The 'position of the United States' includes both 'the position taken by the United States in the civil action' as well as the agency's action or inaction 'upon which the civil action is based.'" Id. (quoting 28 U.S.C. § 2412(d)(2)(D)). "In determining whether a party is eligible for fees under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was 'substantially justified[.]'" Id. "While" the Ninth "[C]ircuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified," the Ninth "[C]ircuit has never stated that every time" a district "court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." Campbell v. Astrue, 736 F.3d 867, 869 (9th Cir. 2013).

There were two bases for remand in this case.[6] First, the court remanded so the ALJ could further develop the record as to the limitations discussed in Greg Tyler's testimony. Second, the court remanded because the ALJ's RFC was flawed because it did not adequately capture a moderate-to-marked limitation as to concentration, persistence, and pace. Defendant argues that its position as to both of these issues was substantially justified.

As to Greg Tyler's testimony, defendant argues that its position that any error as to this testimony was harmless was substantially justified because "[a]n ALJ's failure to adequately weigh a lay witness opinion can be harmless where the opinion is contradicted by more reliable medical evidence that the ALJ credited."[7] "However, when the government violates its own regulations, fails to acknowledge settled circuit case law, or <u>fails to adequately develop the record</u>, its position is not substantially justified." <u>Kirk v. Berryhill</u>, 244 F. Supp. 3d 1077, 1081 (E.D. Cal. 2017) (emphasis added) (citing <u>Gutierrez v. Barnhart</u>, 274 F.3d 1255, 1259-60 (9th Cir. 2001); <u>Sampson v. Chater</u>, 103 F.3d 918, 921-22 (9th Cir. 1996)). The court found that the ALJ erred as to Tyler's testimony because the ALJ should have developed the record more fully to address the limitations discussed in Tyler's testimony. Accordingly, the government's position as to Tyler's testimony was not substantially justified.

---

[6]Although the court ordered the ALJ to consider on remand whether plaintiff could perform jobs with level 2 reasoning, this was not a basis for the remand but rather an issue that the court believed should be considered since the case was being remanded for other reasons.

[7]Defendant's Response to Plaintiff's Motion for Attorney Fees at 3, Docket No. 25.

As for the concentration, persistence, and pace limitation, defendant argues that the government's position was substantially justified because the ALJ's RFC was consistent with the medical opinions, in particular Dr. Moore's testimony. But, Dr. Moore's testimony on concentration, persistence, and pace plainly did not relate to whether plaintiff could stay on task for an 8-hour work day. Dr. Moore testified about plaintiff's ability to learn tasks, not his ability to stay on task. Thus, defendant's position on this issue was not substantially justified.

Because defendant's positions on the two issues that were the basis for remand were not substantially justified, plaintiff is entitled to an award of fees and costs. The court must then consider whether the amount of fees plaintiff is requesting is reasonable.

"Under the EAJA, the 'court's award of attorney fees must be reasonable.'" Cascadia Wildlands v. Bureau of Land Mgmt., 987 F. Supp. 2d 1085, 1091 (D. Or. 2013) (quoting Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001)). "In assessing reasonableness, courts examine the number of hours reasonably expended on the case, the reasonable hourly rate, and the level of success achieved by the plaintiff." Petersen v. Colvin, Case No. 2:13-cv-01147-RFB-GWF, 2018 WL 5258617, at *1 (D. Nev. Oct. 22, 2018) (citing Sorenson, 239 F.3d at 1145, 1147). Plaintiff is requesting fees based on 41.3 hours of attorney and paralegal time and the 2018 EAJA rate of $201.60 for lawyers and a rate of $100 for paralegals. Defendant does not argue that the amount of time spent on this case was unreasonable or that

the rates are unreasonable. Rather, defendant argues that plaintiff should not be awarded the full amount of fees requested because plaintiff achieved limited success.

Defendant contends that plaintiff achieved limited success in this case because he only prevailed on two of the seven different issues that he argued justified remand. Defendant argues that plaintiff thus should only be awarded two-sevenths of the fees that he has requested.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). "Normally this will encompass all hours reasonably expended on the litigation[.]" Id. "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Id.

Here, plaintiff obtained excellent results, a remand for further proceedings, which was the only relief he requested in his opening brief.[8] The court sees no reason to reduce plaintiff's fee award because he did not prevail on some of the arguments he raised. The court finds the $7533.21 in fees that plaintiff has requested reasonable.

## Conclusion

Plaintiff's motion for attorney's fees is granted. Attorney fees, expenses, and costs in the total amount of Seven Thousand Five Hundred Forty-Nine Dollars and Forty-Seven Cents

---

[8]Plaintiff's Memorandum of Law in Support of a Social Security Appeal at 23, Docket No. 17.

($7549.47) pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), are awarded to plaintiff.

If the U.S. Department of the Treasury determines that plaintiff's EAJA fees and expenses are not subject to offset allowed under the Department of the Treasury's Offset Program (TOPS), then the check for EAJA fees and expenses shall be made payable to plaintiff's attorney, Edward A. Wicklund.

Whether the check is made payable to plaintiff or to Edward A. Wicklund, the check shall be mailed to Edward A. Wicklund at the following address:

> 300 South State Street
> Suite 420
> Syracuse, NY 13202

DATED at Anchorage, Alaska, this 26th day of April, 2019.

/s/ H. Russel Holland
United States District Judge